ROBINSON v. MUTUAL RESERVE LIFE INS. CO.

SCOVILL v. SAME.

(Circuit Court, S. D. New York. June 6, 1908.)

INSURANCE — INSOLVENCY AND DISSOLUTION OF MUTUAL LIFE ASSOCIATION — DISTRIBUTION OF FUND DEPOSITED WITH STATE.

Laws N. Y. 1884, p. 429, c. 353, § 2, which authorizes any insurance company doing business on the co-operative or assessment plan, in its discretion to deposit securities with the Superintendent of the Insurance Department of the state, to be held for the sole benefit of the members of the company and subject to the provisions of such a deed of trust as shall be approved by the superintendent, does not impose upon him any duty to make distribution of the fund deposited on the insolvency of the company, and, in the absence of any such requirement in the deed of trust, he holds such securities or fund in such case subject to the orders of the court which is administering the estate of the insolvent corporation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1847.]

Byrne & Cutcheon and Wm. Beverly Winslow (James Byrne, of counsel), for petitioners.

William S. Jackson, Atty. Gen. of New York (William E. Kisselburgh, Sp. Deputy, of counsel), for respondent.

WARD, Circuit Judge. This is a motion by the receivers appointed by this court of the Mutual Reserve Life Insurance Company, formerly the Mutual Reserve Fund Life Association, for an order upon the Superintendent of Insurance of the State of New York to turn over to them two funds deposited with the Superintendent of the Insurance Department, as follows:

June 10, 1884, the Mutual Reserve Fund Life Association deposited with the Superintendent of the Insurance Department $100,000 of 3

per cent. United States bonds, under the provisions of section 2, c. 353, p. 429, Laws N. Y. 1884, reading as follows:

"Any corporation, association or society legally engaged in the business of insurance, upon the co-operative or assessment plan, and doing business in this state, may, in the discretion of such association through its officers or trustee, deposit with the Superintendent of the Insurance Department such securities and for such amounts as may be approved by him. The said deposits shall be received and held by the said superintendent for the sole benefit of the members of said corporation and subject to the provisions of such a deed of trust as shall be approved by the said superintendent and accepted by him from the officers or trustee of the said corporation. Provided, however, that the deposits with the insurance department and all other investments of reserve funds shall be made in the same class of securities that are now required under the general laws for deposit with the Superintendent of Insurance and for the investments of funds by life insurance companies."

The bonds were registered in the name of "Superintendent of the Insurance Department of the State of New York in trust for the members of the Mutual Reserve Fund Life Association pursuant to trust deed of Central Trust Company of New York dated October 18, 1882, and chapter 353 [p. 429], Laws of 1884 of the state of New York."

In an opinion handed down herewith, I have considered the effect of this deed therein set forth at length in connection with a motion of the receivers for an order requiring the trustee, the Central Trust Company of New York, to pay over to them the funds deposited with it. Following the case of Farmers' Loan & Trust Company v. Aberle, 19 App. Div. 79, 46 N. Y. Supp. 10, the motion was granted. The same considerations apply in my opinion to the Superintendent of Insurance as apply to the Central Trust Company, and I will therefore grant the motion in respect to this deposit.

January 29, 1886, the association deposited with the Superintendent of the Insurance Department, under the same law, a second fund of $100,000 in bonds of the United States under a trust deed of the following terms:

"This agreement made this 29th day of January, one thousand eight hundred and eighty-six, between the Mutual Reserve Fund Life Association, a corporation duly created, organized and existing under and by virtue of the laws of the state of New York, party of the first part, and Robert A. Maxwell, as Superintendent of the Insurance Department of the State of New York, and his successors in office, as trustee, party of the second part, witnesseth: That whereas the said party of the first part desires to deposit with the said party of the second part a fund for the exclusive benefit and security of the members of the said party of the first part, pursuant to the laws of the state of New York, now these presents witness that the party of the first part has this day deposited with the party of the second part the sum of one hundred thousand dollars ($100,000) in interest bearing bonds of the United States of America in trust as security for the policy holders or members of the party of the first part for the sole use, benefit and protection of said policy holders or members and as such security for and during the time the party of the first part shall continue in business, and until each and every liability to all its said policy holders or members shall be adjusted and fully paid. The party of the second part shall hold said bonds as security and for the use as above stated, but, so long as the party of the first part shall continue solvent, the party of the second part shall permit the party of the first part to collect the interest or dividends on said bonds so deposited, and from time to time to withdraw any of such bonds on depositing with the party of the second part such other securities of like value as those withdrawn and of the character allowed by the laws of the state of New York for de-

162 F.—51

posits by life insurance companies with the Superintendent of the Insurance Department, and such substituted securities shall be received and held upon like terms and the like trust. In witness whereof the party of the first part has caused these presents to be sealed with its corporate seal, and the same to be signed by its president and secretary, and the party of the second part as trustee aforesaid has hereunto set his hand and the seal of the insurance department of the state of New York in duplicate this twenty-ninth day of January, one thousand eight hundred and eighty-six."

The Superintendent of the Insurance Department executed a certificate of deposit in the following form:

"I, Robert A. Maxwell, do hereby certify that I am Superintendent of the Insurance Department of the State of New York, and that the Mutual Reserve Fund Life Association, a corporation chartered by the said state, under chapter 175 of the Laws of 1883, and located at New York City, has heretofore deposited in this department stocks of the United States, of the several denominations and descriptions particularly set forth and described in the schedule signed by me and hereunto annexed amounting, at par value, to the sum of not less than one hundred thousand dollars; the said deposit having been made in compliance with the provisions of chapter 353 of the Laws of this State of the year 1884. And I do hereby further certify that said securities are now held by me, in this department, as such superintendent, as aforesaid, in my official capacity, on deposit and in trust as security for all the policy holders or members of the said corporation, for the sole use, benefit and protection of said policy holders or members and as such security for and during the time the said corporation shall continue in business, and until each and every liability to all its said policy holders or members shall be adjusted and fully paid. I further certify that I am satisfied that the stocks and securities are worth one hundred thousand dollars. Said deposit was made in this office on the 29th day of January, A. D. 1886, and has ever since that period been maintained intact, at all times, for the full amount of one hundred thousand dollars, in the stocks and securities above specified. In witness whereof, I have hereunto set my hand and caused my official seal to be affixed, at the city of Albany, the day and year :first above written."

I discover no duty of distribution imposed upon the Superintendent of the Insurance Department in the deed of trust, and think the same considerations apply to it as apply to the first deed above mentioned.

Neither of these deposits was required by law. Chapter 353, p. 429, Laws 1884, permitted them to be made, and required the Superintendent of the Insurance Department to hold them subject to the provisions of the deed of trust accepted by him. If the deposits had been made, as the argument of the learned Attorney General assumes, under the positive requirements of section 71 of the insurance law (chapter 609, p. 1960, Laws 1892), quite a different situation would be presented. The Court of Appeals of the state of New York has decided that in such cases the superintendent is a statutory trustee under the duty of distribution, and that no court of equity can displace his possession. Ruggles v. Chapman, 59 N. Y. 163; Id., 64 N. Y. 557. The principle upon which these cases were decided does not apply to a voluntary deposit to be held subject to the provisions of a deed of trust. Even in the case of a deposit under a statutory trust, the Circuit Court of Appeals for the Eighth Circuit has held that federal courts proceeding in equity can compel a state officer to surrender the deposit to receivers appointed by them. Morrill v. American Reserve Bond Company (C. C.) 151 Fed. 305. The character of the deposits under consideration does not require me to go so far.

Motion granted.