DAVENPORT et al. v. WINNISIMMET CO.

(Circuit Court of Appeals, First Circuit. June 19, 1908. Rehearing Denied July 20, 1908.)

No. 762.

COURTS—CONFLICTING JURISDICTION OF STATE COURTS AND COURTS OF ADMIRALTY—PROCEEDINGS FOR LIMITATION OF LIABILITY.

An action at law was brought in a state court by a passenger against the owner of a vessel to recover damages resulting from a collision. After trial, a verdict in favor of the plaintiff, and more than two years after the collision, the defendant instituted proceedings for limitation of liability in a court of admiralty. *Held*, that the admiralty court had power, by analogy with the powers exercised by courts of equity and bankruptcy, to permit the plaintiff in the state court to prosecute her action to judgment for the purpose of completing the liquidation of her claim for future

consideration in the limited liability proceedings, and that under the circumstances here such leave should be granted.

[Ed. Note.—Conflict of jurisdiction with state courts, see note to Louisville Trust Co. v. City of Cincinnati, 22 C. C. A. 356.]

Appeal from the District Court of the United States for the District of Massachusetts.

See 159 Fed. 257, 549.

William A. Davenport, for appellants.

John O. Teele (Arthur P. Teele, on the brief), for appellee.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

PUTNAM, Circuit Judge. This case refers to the same collision between a scow and a ferryboat which was under consideration in Eastern Dredging Company v. Winnisimmet Company, 162 Fed. 860. Mary L. Davenport was a passenger on the ferryboat, and claimed to have been injured by the collision. Inasmuch as we have held both vessels at fault, it appears, so far as we are concerned, that she was entitled to libel either the ferryboat or pursue the owners of the scow. She brought suit against the Winnisimmet Company, the owner of the ferryboat, in the superior court of the state of Massachusetts, alleging that the ferryboat was in fault. The action was brought on August 26, 1904, and a verdict for $2,600 was rendered on December 4, 1905. The defendant thereupon moved for a new trial, which motion was denied. Subsequently, on January 8, 1906, the defendant, the Winnisimmet Company, filed exceptions, as to which no action seems to have been taken. On April 25, 1906, it filed a supplemental answer, setting out proceedings for a limitation of liability in the district court, and praying that no further steps be taken in the superior court; and since that time the litigation in the superior court seems to have been suspended.

The owners of each vessel involved in the collision ultimately proceeded in the United States District Court for the District of Massachusetts for a limitation of liability; but the petition for that purpose by the Winnisimmet Company was not filed until April 2, 1906, which, as we have seen, was after the verdict in the state court. In the usual course, following the petition for limitation of liability, an order was entered in the District Court on April 16, 1906, restraining all persons from prosecuting suits against the Winnisimmet Company and against the ferryboat, and especially ordering that Mary L. Davenport be enjoined, which order was served on her on April 18, 1906. On July 11, 1906, she applied to the District Court, by a petition which sets out the substance of the facts which we have stated, and prayed that the injunction be modified to such an extent as to permit her to prosecute her action in the state court to final judgment, in order that the damages sustained by her might be liquidated without further trial. This application was refused by a decree entered on October 6, 1907, whereupon Mary L. Davenport seasonably appealed to us.

The assignment of errors complains that she should not be enjoined from prosecuting her action and taking out execution thereon, in the latter respect departing from her petition, which asks only that she might prosecute her action to judgment, so that the damages

might be liquidated. There is, however, sufficient in the assignment of errors to render this departure harmless. The husband of Mary L. Davenport joined in the appeal, and his name appears throughout the proceedings in such a manner as to show that he had brought a suit for expenses, etc., arising out of the injury to his wife; but we find here no record of the proceedings in that suit, so that we disregard him.

The opinion of the learned judge of the District Court does not apparently deny his power to permit Mrs. Davenport to complete in the superior court the liquidation of her claim; but it holds that, as the ferryboat was not at fault, Mrs. Davenport is not entitled to any relief whatever. So far as it denies her any relief, the conclusion we have reached as to the fault of the ferryboat requires that the decree should be reversed, and the District Court should be directed to allow the claim of Mrs. Davenport to share in accordance with the provisions of the statute for limited liability. Therefore the only question is whether the amount of damages to which she is entitled should be liquidated anew by the District Court, or whether that court may permit the proceedings in the superior court to go to judgment.

It is to borne in mind that this is not an ordinary appeal from an injunction, provided for by the act establishing the Circuit Court of Appeals and acts amendatory thereof. It is only a step in the proceedings of determining what claims shall be allowed to share in the proceeds; limited liability having been decreed. There is no suggestion that the damages awarded in the superior court are excessive, and therefore there is no fundamental reason why the District Court might not, and should not, permit the suit in the superior court to go to judgment. To do so would be strictly in analogy with all proceedings akin hereto. It is an admitted rule that, while courts of admiralty have no general equity jurisdiction, they proceed ordinarily on equitable principles. United States v. Cornell Steamboat Company, 202 U. S. 184, 194, 26 Sup. Ct. 648, 50 L. Ed. 987. It would be grossly inequitable, in the absence of anything showing that injustice would be done by allowing the completion of the proceedings in the superior court, to deprive Mrs. Davenport of a verdict obtained under the circumstances of this case, in consequence of a petition for limited liability filed after the verdict was obtained, and more than two years after the occurrence of the collision here involved, with the consequent loss of the labor and expense involved in the suit. Under such circumstances it cannot be questioned that, if a receivership was involved here, instead of a matter of limited liability, the equity court constituting the receivership would permit proceedings on the common-law side to run to their legitimate conclusion, nor that a court in bankruptcy would do the same. Indeed, paragraph "b" of section 3 of the bankruptcy act of 1898 contemplates all this, and the same may be said more positively as to paragraph "b" of section 11 of the same statute. Act July 1, 1898, c. 541, 30 Stat. 546, 549 (U. S. Comp. St. 1901, pp. 3422, 3426). It is the constant practice of courts in equity to permit liquidation of claims in suits already pending when the proceedings in equity were commenced, or, after the proceedings in equity are commenced, to direct new suits on the common-law side

for the same purpose. It is true that in all such cases the chancellor, or the court sitting in bankruptcy, in accordance with the broad rules of equitable practice, may regard the result of such litigation as purely advisory, if circumstances should seem to require that an investigation in reference thereto should be made. In the present case, as we have said, no circumstances of that character appear, and we do not find it necessary that the District Court should undertake to determine whether the entire amount of damages that may be awarded in the superior court should be allowed as a claim against the fund under its control.

It is true that section 4285 of the Revised Statutes (U. S. Comp. St. 1901, p. 2944), provides that, from and after the transfer of a vessel to a trustee according to the statutes of limited liability, "all claims and proceedings against the owner shall cease." It is also true that the closing sentence of admiralty rule 54 relating to this topic directs an order restraining the further prosecution of all suits against the owner. Literally interpreted, and regardless of the equitable practice to which we have referred, this phraseology might require that the proceedings in the superior court should be absolutely enjoined; and inasmuch as the statute has always been held to be remedial in the broadest sense, intended to protect the owners of vessels from being harassed by numerous suits in various jurisdictions, circumstances might arise where the letter of the statute and of the rule should be strictly enforced. Yet in applying any statute the common practice to which we have referred must be recognized, and in accordance with the usual rules of interpretation it must be accepted as qualifying it to the extent we have stated. This was done by the Supreme Court in connection with section 711 of the Revised Statutes (U. S. Comp. St. 1901, p. 577), giving the courts of the United States exclusive jurisdiction "of all matters and proceedings in bankruptcy," in Grant v. Buckner, 172 U. S. 232, 238, 19 Sup. Ct. 163, 43 L. Ed. 430. There it was held that even these unqualified terms did not prevent a court in bankruptcy from confirming the action of an assignee in taking up litigation in the state court, though the result was adverse. Such statutory phraseology is always subject to those well-settled equitable rules which are of general application. Therefore, notwithstanding the expressions which we have cited, and proceeding on the general rules of equity practice, we see no difficulty in the way of the District Court permitting the suit in the superior court to go to judgment for the purpose of establishing the amount to be proved in accordance with the statutes relating to limited liability.

The statutes of limited liability and the Supreme Court rules in reference thereto have received full discussion in The Benefactor, 103 U. S. 239, 26 L. Ed. 466, and in Providence & New York Steamship Company v. Hill Company, 109 U. S. 578, 3 Sup. Ct. 379, 617, 27 L. Ed. 1038. The latter case was pressed by many important points, and the court had no occasion to consider the precise circumstances before us. A common-law action against the owners of the vessel charged at fault was brought in the Supreme Judicial Court of Massachusetts. Subsequently proceedings for limitation of liability were

commenced, and those proceedings were pleaded in the common-law suit. Nevertheless, the Supreme Judicial Court disregarded them. No application was made to the District Court for leave to proceed in the common-law suit for the purpose only of liquidating the damages, nor was the consent of the District Court to the proceeding in the common-law suit sought in any form. Fundamental questions of the effect of the statutes were involved and passed on, so that, so far as we are here concerned, the court only reiterated in a general way the special phraseology found in them and in admiralty rule 54. On the other hand, the earlier case (The Benefactor) looks more largely at all questions which may arise under the statute, and at all its various phases. At page 243 of 103 U. S. (26 L. Ed. 466) the opinion declares as follows:

"But this rule of procedure was not intended to abrogate, and, indeed, could not abrogate, the rule of law that res judicata, or a matter once regularly decided between parties in a competent tribunal, cannot be again opened by them, except in an appellate proceeding. Of course, therefore, the rule of procedure allowing a contestation of all liability is subordinate to this rule of law, and cannot apply where the question of general liability has already been adjudicated."

Again, at the foot of the same page, referring to original libels claiming damages against the vessel alleged in fault, the opinion observes:

"The petition for relief in the present case was justly liable to exception, so far as it sought to retry the question of fault and general liability as between the petitioners and the parties in the libel suits. That question is determined by the decree made upon the libels which had been filed, which decree could only be reviewed on appeal."

Then the opinion states, of course, what was clear, that the petition for limitation was free from objection, and should be sustained, notwithstanding the question of liability and the amounts of damages had already been determined on the original libels, so that there might be a pro rata distribution of the entire fund between all claimants. Of course, the fact that the proceedings there were by admiralty libels, while here they are by suits at common law, is not essential, because either is as subject to restraint by the limitation proceedings as the other.

The observations in Butler v. Boston Steamship Company, 130 U. S. 529, 532, 533, 552, 9 Sup. Ct. 612, 32 L. Ed. 1017, were only dicta, as there the limited liability proceedings were first commenced; but they are also ineffectual, as they observe only that, if it had been otherwise, the collateral proceedings would have been "suspended," without indicating any ultimate results inconsistent with what is observed herein.

We may add to these observations in The Benefactor that they may be subject to the qualifications which we have spoken of with reference to the ordinary power of the District Court to review collateral proceedings as the chancellor might do, and also, further, that the doctrine of laches, while it has some application under the circumstances before us, must nevertheless in some respects have especial limitations, growing out of the fact that, not only the interests of the

owner of the vessel who seeks the benefit of limited liability after permitting proceedings in a common-law court are involved, but also the interests of other claimants who may not thus be charged with any delay whatever with regard to any stage of the proceedings. It is sufficient for us to say that under the present circumstances Mary L. Davenport should have the relief for which she prayed, to the extent of permitting her to bring the proceedings in the superior court to the ordinary conclusion, subject to the directions subsequently to be given by the District Court with reference to her sharing with other claimants as to any judgment which she may obtain.

A question was made in the District Court with reference to an alleged supervening negligence on the part of the ferryboat, by which Mrs. Davenport sought to hold it and its owner responsible, even if there had been no contributing fault which aided in bringing about the collision. The Winnisimmet Company on this appeal rests entirely on the finding of the District Court before us in Eastern Dredging Company v. Winnisimmet Company, 162 Fed. 860, to the effect that the ferryboat was not guilty of fault so far as the collision itself was concerned, except that it argued this question of an alleged supervening fault. In other words, it discussed only the question of liability, and as to that it rested on the decision of the District Court, which we have reversed. Consequently we have been compelled to meet the other questions covered by this opinion, which were not presented to us by it.

The opinion of the Supreme Court in La Bourgogne, 28 Sup. Ct. 664, 52 L. Ed. ——, passed down on May 18, 1908, reminds us that it may be proper to refer to the topic of the time within which this appeal was taken, as in La Bourgogne there were two decrees, one which was entered immediately on the filing of the petition for limitation of liability, which enjoined all suits, including that of Mrs. Davenport, and which was entered on April 16, 1906, and the other the ultimate decree, to which we have referred, entered on October 26, 1907. The opinion in La Bourgogne renders it clear that the decree of October 26, 1907, may properly be regarded as the final decree, and the appeal was taken from this. In fact, in accordance with the common practice in cases of limited liability, the early order of April 16, 1906, was merely ex parte and entirely interlocutory, as is made clear in the case of the litigation between the owners of the steamer H. F. Dimock and the steam yacht Alva. Morrison, Petitioner, 147 U. S. 14, 15, 33, 34, 13 Sup. Ct. 246, 37 L. Ed. 60.

The decree of the District Court is reversed, and the case is remanded to that court, with directions to proceed according to our opinion passed down the 19th day of June, 1908, and Mary L. Davenport recovers her costs of appeal.