## THE CITY OF BOSTON.

(District Court, D. Massachusetts.  August 10, 1909.  On Rehearing, October 23, 1909.)

### No. 161.

1. SHIPPING (§ 209*)—PROCEEDINGS FOR LIMITATION OF LIABILITY—LIQUIDATION OF DAMAGE CLAIM.

An action at law was brought in a state court by a passenger against the owner of a vessel to recover damages resulting from a collision. After trial and a verdict in favor of plaintiff, and more than two years after the collision, the defendant instituted proceedings for limitation of liability in a court of admiralty, in which the plaintiff was enjoined from further prosecuting her suit in the state court. On appeal by her from an order denying a motion to dissolve the injunction, the Circuit Court of Appeals reversed such order, holding that under the facts, and by analogy to the practice in courts of equity and bankruptcy, the claimant should be permitted to prosecute her action to judgment for the purpose of liquidating her claim, "subject to the directions subsequently to be given by the District Court with reference to her sharing with other claimants as to any judgment which she may obtain." She subsequently recovered judgment in the state court for the amount of the verdict. *Held* that, while the District Court was not absolutely bound by such judgment, it should be accepted as determining the amount of plaintiff's claim, unless the court was satisfied that it was excessive.

[Ed. Note.—For other cases, see Shipping, Dec. Dig. § 209.*]

2. SHIPPING (§ 209*)—PROCEEDINGS FOR LIMITATION OF LIABILITY—DAMAGE CLAIMS—INTEREST.

Where a damage claimant, in proceedings by a vessel owner for limitation of liability on account of a collision, had instituted an action in a state court, and obtained a verdict therein before the commencement of the limitation proceedings, on which she was subsequently permitted to take judgment, and which was accepted by the court of admiralty as a liquidation of her claim, she was also entitled to interest on the amount of the verdict from the time of its rendition.

[Ed. Note.—For other cases, see Shipping, Dec. Dig. § 209.*]

In Admiralty.  Proceedings by the Winnisimmet Company, as owner of the ferryboat City of Boston, for limitation of liability. On claims for loss, damage, and injury by Mary L. Davenport and Vernon B. Davenport.  Claims allowed.

See, also, 159 Fed. 257, 261, 549; 162 Fed. 862, 89 C. C. A. 552; 182 Fed. 171, 179.

Arthur P. Teele, for Winnisimmet Co.

William A. Davenport, for Mary L. and Vernon B. Davenport.

Blodgett, Jones & Burnham, for Eastern Dredging Co.

DODGE, District Judge.  Since the opinion in this case, dated February 18, 1909 (182 Fed. 171), there has been a hearing before the court upon the proof of these claims; reference to a commissioner being waived by both parties.

The Eastern Dredging Company was served with process, issued in accordance with the opinion referred to, summoning it to appear on a day named and defend the claim made in this case by Mary L.

Davenport, and also the claim made by Vernon B. Davenport. On the days named special appearances were entered for the Eastern Dredging Company, and it also filed exceptions to and motions to dismiss the process summoning it to appear, declaring its special appearance to be for the purpose of objecting to the validity of said process and the jurisdiction of the court to issue it. These exceptions were overruled, and the motions to dismiss denied by the court. Thereupon the Eastern Dredging Company filed answers to each of said claims, in which, however, it expressly reserved its objections and exceptions, and its right to appeal from the orders of the court overruling or denying them. Objection was made by the petitioners to the filing of these answers, but such objections were overruled.

As between the Winnisimmet Company, which seeks limitation of liability in this case, and these two damage claimants, the hearing was upon the same pleadings as were before the court at the time of the opinion herein, dated July 9, 1907.

As has been pointed out in the opinion first above referred to, dated February 18, 1909, the result of the decision of the Court of Appeals in this case is that claims for any damages which either of these damage claimants may have suffered, and of which the collision alone was the cause, they may prove in these proceedings against the Winnisimmet Company, because its ferryboat is now held to blame for the collision, as well as the Eastern Dredging Company's scow. Some of the evidence relied on in support of Mary L. Davenport's claim is found in the record which has been before the Court of Appeals in this case. Further evidence in support of it has been introduced in this hearing, and evidence has also been introduced in support of Vernon B. Davenport's claim. In the same hearing evidence has also been introduced on behalf of the Winnisimmet Company and the Eastern Dredging Company to meet that relied upon by the damage claimants.

The Court of Appeals has also decided in this case that this court erred in refusing on October 6, 1907, to permit the claimant, Mary L. Davenport, to prosecute her action brought in the Massachusetts superior court against the Winnisimmet Company to a final judgment, in order that the damages sustained by her might be liquidated without further trial. She should have been permitted, according to the opinion of the Court of Appeals, to bring the proceedings in the superior court to the ordinary conclusion, subject to the directions subsequently to be given by this court with reference to her sharing with other claimants as to any judgment which she might obtain. She has, accordingly, since the mandate in this case, as appeared at the hearing by a certificate of the court wherein her action was pending, recovered judgment for the sum of $3,081 damages, and costs of suit taxed at $79.27. It appears, from a certified copy of the docket entries in the case referred to, that the bill of exceptions, pending when this case was before the Court of Appeals, was dismissed by the consent of the defendant on December 31, 1908, and that the judgment above referred to was entered on January 4, 1909. The amount of damages for which the judgment was entered is apparently the amount of the verdict rendered December 4, 1905, or $2,600, with interest thereon to the date of the judgment. The first question to be decided is

whether this court is bound to treat Mary L. Davenport's claim as duly proved in the amount of the judgment for the purposes of these proceedings. It is contended on her behalf that the judgment recovered by her in the state court is res adjudicata, and she has the right to make proof of it in these proceedings for the purpose of showing the amount of damage sustained by her as the result of the Winnisimmet Company's negligence, that proof by her of said judgment is conclusive of the amount of damages sustained by her, and that the said company is estopped by said judgment from denying that the amount thereof is the measure of damages sustained by her as the result of its negligence. The respondent, on the other hand, contends that said judgment is to be treated here as advisory only, and that this court may nevertheless find, and should find, in view of the evidence before it, that Mrs. Davenport sustained no damages by reason of said collision, or that her damages so sustained were at the most nominal.

It seems to me clear that the Court of Appeals intended the final results of Mrs. Davenport's suit in the state court to operate as a liquidation of her claim in these proceedings, at least unless some very strong reason to the contrary could be made to appear. The court has said in its opinion:

"Therefore the only question is whether the amount of damages to which she is entitled should be liquidated anew by the District Court, or whether that court may permit the proceedings in the superior court to go to judgment."

It has further said:

"It would be grossly inequitable, in the absence of anything showing that injustice would be done by allowing completion of the proceedings in the superior court, to deprive Mrs. Davenport of a verdict obtained under the circumstances of this case, in consequence of a petition for limited liability filed after the verdict was obtained, and more than two years after the occurrence of the collision here involved, with the consequent loss of labor and expense involved in the suit."

The court has then pointed out that, in equity or bankruptcy proceedings, liquidation of claims by litigation in other courts is not infrequently allowed, and the inference is that the court saw no reason why the same course should not be followed in proceedings like these. But I think the opinion also shows that the Court of Appeals has regarded the District Court as not absolutely bound by the result of the state court suit under any and all the contingencies which might occur in the course of further proceedings to be taken here under its mandate, but has contemplated as possible a departure from or a modification of those results by this court, if the accomplishment of justice between the parties should require the adoption of such a course. Thus it is said in the opinion:

"There is no suggestion that the damages awarded in the superior court are excessive, and therefore there is no fundamental reason why the District Court might not and should not permit the suit in the superior court to go to judgment."

It would seem, however, that, if satisfied since the mandate that the damages referred to are excessive, this court might reduce them. It is further said:

"It is true that in all such cases the chancellor, or the court sitting in bankruptcy, in accordance with broad rules of equitable practice, may regard the result of such litigation as purely advisory, if circumstances should seem to require that investigation in reference thereto be made. In the present case, as we have said, no circumstances of that character appear, and we do not find it necessary that the District Court should undertake to determine whether the entire amount of damages that may be awarded in the superior court should be allowed as a claim against the fund under its control."

And, lastly, Mary L. Davenport is permitted in the opinion to bring the proceedings in the superior court to the ordinary conclusion—

"subject to the directions subsequently to be given by the District Court with reference to her sharing with other claimants as to any judgment which she may obtain."

Except Mary L. Davenport and her husband, no damage claimants have appeared in this case.

The inquiry upon this point must be, therefore, whether this court has before it anything which due obedience to the directions given by the Court of Appeals will permit it to treat as sufficient ground for the adoption of any course other than that of establishing Mrs. Davenport's claim for the purposes of these proceedings in the amount of $2,600, with interest.

As has been said in the opinion of this court herein, dated July 9, 1907, the questions at issue before the state court jury were: (1) Was the collision due to negligence on the petitioner's part? (2) If yes, did Mrs. Davenport sustain injuries caused by the collision while exercising due care herself? (3) If yes, in what amount? That the jury rightly decided question 1 is now settled, so far as Mrs. Davenport is concerned, and for all purposes of these proceedings, by the Court of Appeals decision. As to question 2 the verdict in her favor necessarily involved findings by the jury that she did in fact get wet through after the collision, while still on board the ferryboat and during the sinking of that vessel caused by the collision, and also that she did not get wet through by reason of any negligence on her own part. As to question 3 the jury have found that a fair indemnity for the injuries thus sustained is $2,600. The above findings upon questions 2 and 3 are thus the only findings involved in the liquidation of this claim effected by the state court judgment which this court would, in any event, be now at liberty to regard as not conclusive upon it.

That Mrs. Davenport got wet through after the collision, while still on board the ferryboat and during the sinking of that vessel, which, as is not denied, the collision caused, this court has already found as a fact. See the opinion above referred to, dated July 9, 1907. It has also found as a fact (see the same opinion) that this did not happen through any negligence for which the owners of the ferryboat can be held, independent of that negligence to which the collision was due. These findings stand unaffected, so far as I can see, by anything since said by the Court of Appeals. This court has never decided that Mrs. Davenport's own negligence was the cause, or a contributing cause, of her getting wet through after the collision, nor does it necessarily follow that such was the case from anything which this court has

found. It may be impossible to charge her with any negligence in getting left behind when all the other passengers were taken upstairs, notwithstanding that all care which it was reasonable to expect on the petitioner's part, under the circumstances, was used to get her upstairs with the other passengers. The petitioner being now charged with negligence which brought about the collision, a passenger wet through by reason of the sinking of the boat which immediately resulted, may ascribe the injury sustained to that negligence as its proximate cause, unless there was negligence on the passenger's part contributing to produce the injury or augment its ill effect upon herself. The jury has found that there was no such negligence on Mrs. Davenport's part. They could not, as this court might, find in her favor for half her damages, on the ground that negligence on her part so contributed. I do not find in the evidence any sufficient ground for a conclusion opposed to that at which the jury arrived. The case is that of a female passenger, acting upon a sudden emergency brought about by the petitioner's fault, such as might well alarm her and disturb her judgment.

Nor do I consider the evidence before me sufficient for a finding that the damages awarded her by the jury are excessive. There is before me, as there no doubt was before the jury, conflicting evidence as to the nature and extent of the effects upon her health due to her experiences while on board after the collision. But if, on the evidence which I have heard, a jury in this court had awarded her $2,-600 damages, I should not have felt justified in setting their verdict aside as excessive. I am of opinion, therefore, that the Court of Appeals opinion requires me, in proceeding with the case under the mandate, to regard Mrs. Davenport's claim for damages as liquidated at $2,600 as of the date of the verdict. If the verdict is thus to be allowed to fix the amount of her damages here, I think she is also entitled here to $79.27, the amount of costs awarded her in the superior court and included in its judgment in her favor. Her claim is, therefore, allowed in the total amount of $2,679.27. In the final decree this will bear interest from the date of the verdict, December 4, 1905.

As to Vernon B. Davenport's claim, it has never been tried at all in the state court. No suit was brought there upon it. But, having been duly presented here, it is to be liquidated according to the evidence for and against it which has here been heard.

I find that he was the husband of Mary L. Davenport, and that by reason of her injuries above referred to he became obliged to pay for medical attendance upon her, for medicine furnished to her, and for services of persons engaged to take care of her; also that he has been to some extent deprived of her services and companionship, although during the time of her disability she has remained at home with him. Assuming that her injuries were as serious and their effects continued and will continue for so long a time as implied by the verdict of the jury, I see no escape from these conclusions.

I find that he expended for medical attendance and medicines $250, and for the services of a nurse employed to attend his wife $160. I find, also, that during the year beginning in September, 1904, his daughter, who was in September, 1904, more than 21 years old, and

was earning $12 a week away from home, spent all her time at home, at his request, in taking care of the house and taking care of Mrs. Davenport, under a promise from him that he would pay her the fair value of her services. I find that the fair value of her services rendered at home was $7 a week, or $364 in all. There is little or no evidence tending to fix in any way the money value to him of any services of his wife which he can be said to have lost. For the year during which his daughter rendered services at home he will be reimbursed, if allowed the value of the daughter's services. Still less is there any evidence tending to show the value to him in money of the loss of her companionship, and I know of no criterion according to which the value in money of such a loss can be very intelligently measured. That a jury would be permitted, however, under the laws of Massachusetts, to award him what they thought indemnity for such a loss, seems to be settled. Kelley v. N. Y., N. H. & H. R. R., 168 Mass. 308, 46 N. E. 1063, 38 L. R. A. 631, 60 Am. St. Rep. 397. For loss of services and companionship not otherwise allowed for I shall allow $226, and thus fix the total amount which he is to recover in this case at $1,000. This in the final decree will bear interest from the date of the presentation of his claim here, July 21, 1906.

## On Rehearing.

Since the filing of the opinion of the above date, the petitioner has asked for a rehearing on the question whether any interest should be allowed upon the amounts of the Davenport claims prior to the entry of the final decree. I have heard both counsel on this point, and see no sufficient reason for any alteration of my opinion in this respect.