THE REVERE.

(District Court, D. Massachusetts. March 9, 1911.)

No. 389.

COURTS (§ 489*)—CONFLICTING JURISDICTION—PROCEEDINGS FOR LIMITATION OF LIABILITY—POWERS OF COURT.

Where proceedings by a vessel owner for limitation of liability have been instituted in a court of admiralty pending an action by a damage claimant in a state court which has not been tried, the court of admiralty has no power to allow the question of liability to be litigated and determined in the state court over petitioner's objection.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 489.*

Conflict of jurisdiction of federal courts with state courts, see note to Louisville Trust Co. v. City of Cincinnati, 22 C. C. A. 356.]

In Admiralty. Petition by the Richard T. Green Company for limitation of liability as owner of The Revere. On motion of Fenwick W. Thomas for modification of restraining order. Motion denied.

M. O. Garner, E. E. Blodgett, and John W. Britton, for petitioner. M. J. Connolly, for Fenwick W. Thomas.

DODGE, District Judge. This petition was filed February 21, 1911. The petitioner seeks to limit its liability as charterer and owner pro hac vice of the lighter Revere. There is only one person mentioned in the petition as asserting any claim against the petitioner based on its control of the Revere. Fenwick W. Thomas is the person so mentioned. The petition sets forth that Thomas, being in the petitioner's employ, sustained personal injuries on board the Revere June 7, 1909; that he claims his injuries to have been occasioned by defective, improper, and unsuitable appliances used on board her; that he has sued the petitioner to recover damages for his injuries in the Massachusetts superior court, claiming damages to the amount of $20,000, and that his claim exceeds the value of the Revere. The petition also states that other claims may be made against the petitioner for other damages sustained at the same time.

Proceedings for due appraisement of the petitioner's interest in the lighter and her pending freight having been instituted, and the peti-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tioner having deposited $500 in court as the value of its interest according to its contention, a monition and restraining order were issued under admiralty rule 54 on February 25, 1911. The present motion was filed on Thomas' behalf February 28, 1911.. In it he asks that the restraining order be so far modified as to permit him to prosecute his pending suit in the state court.

The motion reserves the right to dispute the jurisdiction of this court. It sets forth that Thomas' suit in the state court was begun December 2, 1909, returnable on January 3, 1910; that the defendant therein, petitioner in these proceedings, appeared and answered in the state court; that a hearing on an interlocutory motion made by Thomas was then pending in the state court; and that the case had been set down for hearing in said court at the petitioner's request as defendant therein, and that Thomas as plaintiff was prepared to go to trial on February 25, 1911, but was prevented by the restraining order from this court above mentioned. An answer to the motion has been filed by the petitioner. The declaration and the docket entries in the state court case are before me. The answer to the declaration was a general denial. What the motion sets forth, as above, is not controverted by the answer thereto, filed here, in any important particular. In it the petitioner neither admits nor denies that Thomas was ready to go to trial in the state court, but this will be taken as true for the purposes of this decision.

That the institution of limited liability proceedings before it does not oblige the admiralty court so to use its power under Rev. Stats. § 4285 (U. S. Comp. St. 1901, p. 2944), and admiralty rule 54 as to put a final stop for all purposes to every proceeding elsewhere in respect of claims for the loss, damage, or injury in question, is settled in this circuit by the decision of the Court of Appeals in Davenport v. Winnisimmet Co., 162 Fed. 862, 89 C. C. A. 552, overruling the decision of this court in The City of Boston (D. C.) 159 Fed. 257, 261. Prior to the Court of Appeals decision cited, it had been supposed that any prosecution of such proceedings elsewhere was incompatible with the object and purposes of the limited liability statutes and rules, and that the admiralty court had no discretion to permit it. See The Tolchester (D. C.) 42 Fed. 180, 184.

In Davenport v. Winnisimmet Co., above cited, it was held that the admiralty court had power to permit a damage claimant who had got so far with a suit in the state court as to obtain a verdict of the jury in her favor, and whose exceptions were pending when the restraining order issued, to prosecute her suit to judgment in order to complete the liquidation of her claim for the purposes of the proceedings in admiralty, and that under such circumstances such permission should be given. She was accordingly allowed to prosecute her suit to judgment, and the judgment was subsequently treated, no sufficient reason to the contrary appearing, as establishing the amount of her claim for the purposes of the limited liability proceedings. See The City of Boston (D. C.) 182 Fed. 174.

Davenport v. Winnisimmet Co. grew out of a collision between two vessels, on one of which Mrs. Davenport was a passenger. Both own-

ers instituted limited liability proceedings in this court. When this court declined to allow the prosecution of her suit in the state court, it had held the vessel which carried her as a passenger not to blame for the collision, and from this it followed that she had no claim against the owner of that vessel, the defendant in her suit. But by the subsequent decision of the Court of Appeals both vessels were held to blame, and from this it followed that she had a claim for damages against the owner of either vessel. The prosecution of her suit in the state court to judgment, therefore, involved nothing beyond a liquidation as to amount of a claim held in the limited liability proceedings to exist in her favor. It did not involve any submission to the state court of the question whether or not the petitioner in limited liability whom she had made defendant in her suit was liable to her at all.

The Court of Appeals, therefore, cannot be regarded as having decided in Davenport v. Winnisimmet Co., 162 Fed. 864, 89 C. C. A. 554, that the admiralty court has power to allow the question of a petitioner's liability to a damage claimant to be decided by a state court, or that it ought in any case to do so. On the contrary, it is expressly said in the opinion:

"Therefore the only question is whether the amount of damages to which she is entitled should be liquidated anew by the District Court, or whether that court may permit the proceedings in the superior court to go to judgment."

The present case stands in no such position. Whether the owner of the lighter is liable to Thomas or not is a question not yet passed upon by this or any court. It is a question fundamental in the limited liability proceedings, and one upon which the owner of the lighter, now that he has instituted such proceedings, has a right to a decision here. The state court judgment obtained in The City of Boston, above cited, upon a verdict rendered before any limited liability proceedings were taken, was, even as to the amount of Mrs. Davenport's claim, to be treated here as advisory only, should the circumstances so require. 162 Fed. 865, 89 C. C. A. 552. But if the state court should determine that the owner of this lighter is liable to Thomas contrary to the opinion of this court, which would in any case be obliged to hear the same question anew, the state court determination could not be treated as advisory, this court could only disregard it. Not only is any such possible conflict between two courts of differing jurisdiction one of the things which limited liability proceedings were intended to avoid, but there can be no benefit to either party in permitting litigation in the state court of a question which must of necessity be retried here. It has never been decided that the admiralty court has power to take such a course as this motion requests, and I am not only unable to believe that it has such power, but also unable to believe that the exercise of such power, if it exists, would assist the proper administration of justice, under such circumstances as those now presented.

The motion is denied.