## THE TEASER.

## THE ADDIE M. LAWRENCE.

(District Court, E. D. Pennsylvania. · September 21, 1915. On Rehearing, February 15, 1916.)

Nos. 48, 63.

1. COLLISION ⊚═◦95—MEETING TOWS—FAULT—VIOLATION OF TOWING REGULATIONS BY TUG.

　　While the tug Teaser was passing down Delaware Bay at night with the seagoing barges Powel and Allyn in tow tandem, and after, on request of the Powel, the tug and the Allyn had lengthened the hawsers to the Powel to 150 and 140 fathoms, respectively, the Powel sheered 600 feet from the course of the tug' and came into collision · with the schooner Lawrence, in tow of a meeting tug; neither the Lawrence nor her tug being in fault. *Held*, on the evidence, that the Powel was in fault for being insufficiently manned and for having as steersman an inexperienced deckhand, who could not control her; that the Teaser, being in charge of the tow, was also in fault, and liable for violation of the inspection board regulations promulgated by the Secretary of Commerce and Labor, effective February 1, 1909, adopted pursuant to Shipping Act May 28, 1908, c. 212, § 14, 35 Stat. 428 (Comp. St. 1913, § 7969), and which limited the length of hawsers of seagoing barges in inland waters to 75 fathoms.

　　[Ed. Note.—For other cases, see Collision, Cent. Dig. § 145; Dec. Dig. ⊚═◦95.]

2. COLLISION ⊚═◦144—LIABILITY OF TUG FOR INJURY TO TOW—MUTUAL FAULT.

　　The violation of the regulation by the Teaser, although at the request of the Powel, made her a joint participator in the fault, and rendered her liable to the Powel for one-half the damages sustained by the latter in the collision.

　　[Ed. Note.—For other cases, see Collision, Cent. Dig. § 296; Dec. Dig. ⊚═◦144.]

In Admiralty. Suits for collision by one Gardner, master of the schooner Addie M. Lawrence, against the tug Teaser, the barges Powel and Horace A. Allyn, and the tug Juno, and by the Baker Transportation· Company, owner of the Powel, against the schooner Addie M. Lawrence, the tug Juno, the tug Teaser, and barge Horace A. Allyn. Decree for the Lawrence against the Teaser and the Powel only, and libels dismissed as against the Juno and the Allyn. Damage to the Powel to be divided ·between the Teaser and the Powel.

Henry R. Edmunds, of Philadelphia, Pa., for the Addie M. Lawrence.

Conlen, Brinton & Acker, of Philadelphia, Pa., and T. Catesby Jones, of New York City, for the Powel.

Lewis, Adler & Laws, of Philadelphia, Pa., for the Teaser and the Allyn.

H. Alan Dawson, of Philadelphia, Pa., for the Juno.

THOMPSON, District Judge. [1] On July 2, 1913, the steam tug Teaser, with the Powel and Horace A. Allyn, both large seagoing barges, in tow, left Philadelphia, bound for New England ports. The Teaser was towing the barges tandem, with the Powel between the tug and the Allyn. When taken in tow, the length of the hawser from

⊚═◦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the Powel to the Teaser was about 75 fathoms, and the length of the hawser from the Powel to the Allyn about the same. When the Teaser, with her tow, was about off Ship John Light in the Delaware Bay, the hawser between the Teaser and the Powel was paid out to 150 fathoms, and that between the Powel and the Allyn to 140 fathoms. This was done at the request of the master of the Powel, but the hawsers were actually paid out by those on the Teaser and on the Allyn. Between Ship John Light and Cross Ledge Light, about 12 o'clock midnight, the Teaser and her tow met the tug Juno, with the schooner Addie M. Lawrence, bound up the river. It was a dark, clear night. The Teaser and her tow and the Juno and her tow were displaying proper lights. The tugs exchanged signals by whistle and passed to port of each other at a distance of about 600 feet. The Powel sheered out of her course and came into collision with the Lawrence, striking her on her port bow at about right angles. The schooner had some of her sails up for the purpose of drying them before stowing them when coming into port, but was steering after the lights of the Juno and following her course.

There is no proof that anything was done or left undone by the Juno or the Lawrence on account of which fault can be attributed to either. It is clear from the testimony that the Powel was insufficiently manned and improperly steered, and that the collision was primarily due to her sheering out of her course and failing to follow the Teaser. It appears that, while it was usual to have two deckhands on the Powel, but one was shipped at Philadelphia and on board at the time of the collision, and he was at the wheel. There was no one else on deck. That the deckhand was inexperienced and unacquainted with the duties of helmsman is apparent from his testimony. From some cause he did not see the Lawrence until within half a boat's length of her. He did not know whether he put his wheel to port or starboard, and did not seem to be entirely clear as to how the wheel was rigged to work the rudder.

The place where the collision occurred was within the inland waters of Delaware Bay, within the meaning of the regulations, effective February 1, 1909, promulgated by the Secretary of Commerce and Labor December 7, 1908, pursuant to section 14 of the act of May 28, 1908 (35 Stat. 428, c. 212 [Comp. St. 1913, § 7969]), limiting the length of hawsers to tows of seagoing barges to 75 fathoms. The length of the hawser between the Teaser and the Powel was 150 fathoms. This length of hawser was in violation of the regulations. If the hawser between the Teaser and the Powel had been of lawful length, and the Teaser had maintained the position which she did in passing the Juno and Lawrence, the collision could not have occurred, for the Powel could not then have sheered sufficiently to cause the collision without also pulling the tug out of her course. It was the duty of the master of the Teaser to see that the hawser did not exceed 75 fathoms in length, and, having failed to perform that duty, the Teaser must also be held in fault for the collision. Even though the hawser was lengthened at the request of the master of the Powel, it was a violation of duty on the part of the master of the Teaser to allow the hawser to be of unlawful length.

Section 15 of the act of May 28, 1908 (Comp. St. 1913, § 7970), imposes a penalty upon the master of the towing vessel for violation of the regulations, and he was in charge of the navigation of the tow. The Margaret, 94 U. S. 496, 24 L. Ed. 146; The City of New York, ·49 Fed. 956, 1 C. C. A. 483; The Doris Eckhoff, 50 Fed. 134, 1 C. C. A. 494; The Manhattan, 186 Fed. 329, 108 C. C. A. 407. It does not follow, because the Teaser was in fault, that the act of the Allyn also contributed to the collision. There is no evidence that she left her proper course following the Teaser, and she was under no obligation to keep the Powel in her proper course.

[2] The duty imposed upon the Teaser by the regulations and the statute does not render her liable for the injuries to the Powel. It would be going beyond the intention of the act to hold that the lengthening of the hawser was a violation of a duty to the Powel, where it was done at the request of her master. The duty imposed is for the protection of other vessels in the waters where the towing vessel is navigating, but nothing in the act indicates an intention of Congress to make the towing vessel liable to the barge she has in tow for injuries caused by reckless steering or failure to be properly and sufficiently manned.

In No. 48 of 1913, a decree may be entered in favor of the Lawrence against the Teaser and Powel, with reference to a commissioner to ascertain and report the damages, and dismissing the libel as against the Juno and the Allyn.

In No. 63 of 1913, the libel is dismissed.

The motion on the part of the Lawrence to dismiss the libel as against the Teaser is denied.

### On Rehearing.

In the light of the argument and authorities considered upon the rehearing, the court is of the opinion that there was error in the conclusion reached in the opinion filed September 2, 1915, that the Teaser is not liable for injuries caused to the Powel by reason of her collision with the Lawrence.

In view of the decision of the Circuit Court of Appeals for the Second Circuit in The Manhattan, 186 Fed. 329, 108 C. C. A. 407, and the application of the admiralty rule that all those who knowingly participate in a wrongful act are jointly and severally liable for the consequences, without consideration of the extent to which the negligence of any party contributes to the damage, it is now held that, though the lengthening of the hawser was at the request of the master of the Powel, and the Powel was in fault for reckless steering and failure to be properly and sufficiently manned, the damages to the Powel should be divided between that vessel and the Teaser.

A decree may be entered in No. 63 of 1913 accordingly.