## TRANSPORTATION LINE *v.* HOPE.

1. The testimony of experts is admissible in determining an issue involving a question of nautical skill.
2. Although a transportation company, engaged in towing a barge from one point to another, does not occupy the position of a common carrier, nor have that exclusive control of her which that relation would imply, it does have control of her to such extent as is necessary to enable it to fulfil its contract, and is, therefore, bound to exercise such degree of diligence and care as a skilful performance of the stipulated service requires.
3. A mere expression of opinion by a judge upon a question of fact is not a ground of error.
4. The action of the court below, in refusing to charge the jury as requested by the defendant, and the charge as given, considered, and held not to be erroneous.

ERROR to the Circuit Court of the United States for the Eastern District of Pennsylvania.

This was an action on the case by Hope, the plaintiff below, to recover damages for the loss of the canal barge or vessel " Mary E. Loughney," her cargo, and for freight thereon. The plaintiff alleges, in substance, that he delivered the barge, valued at $3,000, to the defendant, to be towed, for a certain sum to be paid therefor, from Jersey City to New Haven; and that, by reason of gross and culpable negligence, and the want of ordinary care and skill of the defendant in towing and conducting the barge, she became totally lost. The defendant pleaded the general issue. The jury found for the plaintiff for $2,125.30; and, judgment having been rendered thereon, the defendant brought the case here.

The remaining facts, the charge as given and that refused, as well as the assignment of errors, are set forth in the opinion of the court.

*Mr. J. C. Gray* for the plaintiff in error.

No counsel appeared for the defendant in error.

MR. JUSTICE HUNT delivered the opinion of the court.

Hope, the plaintiff in the Circuit Court, sought to recover damages for the loss of his barge, which the defendants undertook to tow from Jersey City to New Haven, through Long Island Sound.

The barge was lost before reaching her destination; and

the jury to which the case was submitted found a verdict. for the plaintiff for $2,125.30 damages.' This was based upon the theory of the negligence of the defendants in the performance of their duty.

With the general question of negligence we have nothing to do. The finding of the jury is conclusive upon that subject. It is only the specific allegations of error in the rulings or charges of the judge at the trial that we are called upon to consider.

These allegations are as follows : It is said that the court erred, first, in overruling the objection of defendant's counsel to the following question, asked of Patrick McCarty, a witness, by the counsel for the plaintiff : " With your experience, would it be safe or prudent for a tug-boat on Chesapeake Bay, or any ' other wide water, to tug three boats abreast, with a high wind ? "

The witness had testified that for many years he had been the captain of a tug-boat, and was familiar with the making up of tows ;. that he was a pilot, and had towed vessels on Long Island Sound, although he was not familiar with the Sound, but that he was familiar with the waters of the Chesapeake Bay.

The witness was an expert, and was called and testified as such. His knowledge and experience fairly entitled him to that position. It is permitted to ask questions of a witness of this class which cannot be put to ordinary witnesses. It is not an objection, as is assumed, that he was asked a question involving the point to be decided by the jury. As an expert, he could properly aid the jury by such evidence, although it would not be competent to be given by an ordinary witness. It is upon subjects on which the jury are not as well able to judge for themselves as is the witness that an expert as such is expected to testify. Evidence of this character is often given upon subjects requiring medical knowledge and science, but it is by no means limited to that class of cases. It is competent upon the question of the value of land, *Clark* v. *Baird*, 9 N. Y. 183 ; *Bearss* v. *Copely*, 10 id. 93 ; or as to the value of a particular breed of horses, *Harris* v. *Panama Railroad Co.*, 36 N. Y. Superior Ct. 373 ; or upon the value of the professional services of a lawyer, *Jackson* v. *New York Central Rail-*

*road* Co., 2 Thomp. & C. (N. Y.) 653; or on the question of negligence in moving a vessel, *Moore* v. *Westervelt*, 9 Bosw. (N. Y.) 558; or on the necessity of a jettison, *Price* v. *Hartshorn*, 44 N. Y. 94. In *Walsh* v. *Washington Marine Insurance Co.*, 32 id. 427, it was decided that the testimony of experienced navigators on questions involving nautical skill was admissible. The witness in that case was asked to what cause the loss of the vessel was attributable, which was the point to be decided by the jury. The court sustained the admission of the evidence, using this language: "We entertain no doubt that those who are accustomed to the responsibility of command, and whose lives are spent on the ocean, are qualified as experts to prove the practical effect of cross-seas and heavy swells, shifting winds and sudden squalls." The books give a great variety of cases in which evidence of this character is admissible, and we have no doubt of the competency of the evidence to which this objection is made.

*Second*, The defendants requested the court to charge the jury "that the plaintiff's barge, the 'Mary E. Loughney,' was within the possession and the exclusive care and control of her owner; and the defendants, the Eastern Transportation Line, were not bailees of the boat, nor was the barge placed within their exclusive custody and control, and they were only liable for failure to use ordinary care and diligence."

To which the court answered: "By the contract between the parties, the defendants undertook to tow the plaintiff's barge from Jersey City to New Haven. As a necessary incident of this engagement, the defendants were entitled and were bound to assume supreme control and direction of the plaintiff's boat, and of the persons in charge of her, so far as was necessary to enable them to fulfil their engagement, and they were bound to exercise such degree of diligence and care as a prudent and skilful performance of the service for which they stipulated would require."

The answer of the court properly defined the position of the parties. While it was very well to ask a charge that the transporter of the boat was not a bailee, and perhaps that the boat was not within his exclusive control, and that only ordinary care and diligence were required on his part, it was

quite incorrect to ask a charge that the boat was within the possession and the exclusive care and control of her owner.

The transportation company did not occupy the position of a common carrier, and did not have that exclusive control of the barge which that relation would imply. It did not employ or pay the master and the men in charge of her, nor did it exercise that internal control of her cargo, its storage, its protection, and the like, which belonged to a bailee, and it was not bound to the extraordinary duties and liabilities of a common carrier. *Alexander* v. *Greene,* 3 Hill (N. Y.), 9.

It is, however, impossible to admit the proposition that the barge remained in the exclusive possession, care, and control of her owner; that is, that the transporter had not and could not take any, the slightest, care of her, and was not permitted to exercise the slightest control over her, and had no possession of her of any sort or character.

She could not be towed except by being taken in charge by the tug; that is, under its care and control and management. When the master of a tug undertakes to transport a barge, he must apply the means for that purpose. He must furnish motive power not only, but he must direct her location, whether on the port or the starboard side, whether she shall be the inside boat or the outside one, when and how sne shall be lashed to other boats, with what fastenings she shall be secured as she is dragged through the water, whether she shall go fast or slow, when, if at all, she shall drop astern, when she shall go to harbor, how long remain there, and what shall be her course of navigation. These tows consist at times of thirty or forty boats; and they must all be under one head, and subject to one judgment, which is that of the transporter. Whether this judgment was carefully and skilfully exercised in this case formed the question which was passed upon by the jury. It is extremely inaccurate to say that one who does, and who must do, all these things is not while doing them in the exercise of the slightest possession or care or control over such vessel. The charge of the judge, on the contrary, that the transporter had the supreme control of the barge, so far as it was necessary to enable it to fulfil its contract to tow the barge, was correct.

If a request to charge contains one unsound proposition, it is not error to refuse to make the charge, although it contains many sound propositions. *Beaver* v. *Taylor et al.*, 93 U. S. 46.

*Third*, The two objections following may be considered together. They are as follows : —

1. The court below erred, it is said, in allowing the following request to charge of plaintiff below : " If the plaintiff was placed in peril by the negligence of the master of defendant's tug, and jumped from his boat, reasonably supposing it was going to sink, the plaintiff may recover in this action, although the fact of plaintiff's leaving his boat increased its peril." This was allowed and given by the court.

2. The court below erred in its answer to the sixth request of the defendant below.

The request was : " If the jury believe that the conduct of the plaintiff was such as to leave his boat for any time without being under the care or control of any one, the result of which was to contribute to her loss, then the jury should find for the defendants."

The court answered : " As an abstract proposition, this is true. But if the plaintiff's boat was left in the condition stated, under circumstances which involved imminent peril to the lives of those who remained on board of her, or warranted a reasonable apprehension of such peril, they were justified in abandoning her, and by so doing were not guilty of contributory negligence."

The boat of the plaintiff was in danger of sinking; he believed the danger to be imminent, and to save his own life jumped from his boat to the tug, leaving his boat without the care or control of any one on board of his boat.

The counsel for the transportation company does not seriously argue that the plaintiff was bound to remain on his boat when it was probable that she would immediately sink, or that a reasonable apprehension of imminent peril to his own life did not justify his abandonment so as to avoid the charge of contributory negligence. He argues that the peril was not imminent in fact, and again that the peril was due to the plaintiff's previous misconduct or negligence, and that there

is a failure to define the connection between the peril and any previous negligence.

None of these points are embraced within the requests made or the charge given. There was evidence to sustain the plaintiff's theory of imminent peril, and the judge submitted to the jury the reasonableness of his apprehension. The previous negligence of the party, if any, its connection with the peril, and the law upon that subject, are not alluded to either in the requests we are considering or in the answer given to them. The charges are fairly as well as correctly given in response to the requests made. If the defendant desired additional or more specific instructions, he should have asked for them.

The last objection is, that the judge charged the jury as follows, viz.: "If you conclude, after careful consideration of all the evidence, after the instructions we have given you, that the plaintiff is entitled to recover, you will find a verdict in his favor for the value of the barge, as it has been shown by the proofs, and for the net amount of the freights; that is, I believe, $1,800, as shown, aside from the testimony of the plaintiff himself, to have been the value of the barge at the time, and $90, the net amount of the freight, so that these two amounts are the sums which the plaintiff is entitled to recover, if you are satisfied that he is to recover at all."

This objection is not a serious one. 1. It may be doubted whether the judge undertakes to interfere with the province of the jury by charging them that the value of the vessel was $1,800, and that of the freight $90, as is assumed in the argument. He simply expresses his belief or his opinion that such is the value proven. He says, "That is, I believe, $1,800, as shown, aside from the testimony of the plaintiff himself." So when he adds, "These two sums are the amounts which the plaintiff is entitled to recover, if you are satisfied that he is entitled to recover at all," it is a part of the same expression of opinion. An expression of an opinion simply by a judge upon a question of fact is not a ground of error. *Durkee* v. *Marshal*, 7 Wend. (N. Y.) 312; *Dow* v. *Rush*, 28 Barb. (N. Y.) 157; *Powell* v. *Jones*, id. 24.

2. When the attention of the judge was called to the matter by the defendant's exception, the record adds these words:

" The judge did not undertake to fix the value of the barge, but merely referred to the proof relating to it, and said the jury would be justified in finding accordingly." There could be no misunderstanding by the jury after this explanation.

3. If there was an error in this respect, it was quite harmless. It fixed for the jury, upon the assumption claimed, the sum required by the testimony to be found. There was no conflicting evidence on the subject. There are no circumstances which would justify any finding for a less sum than that indicated by the judge. It was the absolute duty of the jury, upon the evidence, to find not less than that named sum if they found for the plaintiff, and a different verdict might have been set aside as against the evidence. A verdict, under these circumstances, will not be disturbed by an error of this character. *Corning* v. *Troy Iron and Nail Factory*, 44 N. Y. 577.

Upon the whole case, we are of the opinion that the record shows no error.                    *Judgment affirmed.*