STRICKER v. THE MAURICE.

(District Court, E. D. Pennsylvania. March 4, 1904.)

No. 22.

1. TOWAGE—LIABILITY FOR INJURY OF TOW—NEGLIGENT STEERING.

The master of a barge in tow in a narrow channel, and especially in approaching a bridge with a still narrower draw, is bound, no less than the tug, to exercise vigilance for the safety of his vessel, and the tug cannot be held liable for an injury to the barge which would not have occurred if it had been properly steered.

2. SAME—MANNER OF MAKING UP TOW.

A barge which consents to being towed with another abreast assumes whatever added risk arises from such method of towing.

In Admiralty. Suit for injury to tow.

Horace L. Cheyney, for libelant.

Willard M. Harris, for The Maurice.

John L. Kinsey and Harry T. Kingston, for city of Philadelphia.

J. B. McPHERSON, District Judge. I do not think it necessary to discuss in detail the evidence in this case. It presents the usual difficulties and contradictions, but makes up for them to some extent by offering the testimony of several disinterested witnesses, whose account of what they saw is entitled to considerable weight. In a word, I have come to the conclusion that the barge Rogers, which be-

longed to the libelant, was alone to blame for the accident, and that the fault with which she is chargeable is her master's failure to give proper attention to the wheel during the quarter of a mile that intervenes between the draw of the Baltimore & Ohio Railroad bridge and the draw of Gray's Ferry Bridge, where the barge was sunk. There is no doubt that the barge sheered suddenly to starboard as the Gray's Ferry Bridge was approached, and I think it altogether likely that the few inches more that were needed to carry her clear would have been gained if the masters of the two barges had been attending strictly to the important business on hand. What caused the sheer, I am unable to say, but, in my opinion, the testimony exonerates the tug from fault. The length of the hawsers seems to me to be immaterial. Either 80 feet or 150 feet was safe enough if the barges were carefully steered, but in a narrow river, such as the Schuylkill, especially in approaching a passageway not more than 65 or 70 feet wide, or thereabouts, with a tow 35 feet in breadth, vigilance was demanded of the barges, not less than of the tug. I think, also, that the weight of the evidence establishes the fact that the hawsers were properly adjusted. In my opinion, the barges could not have been towed at all if one hawser had been from 8 to 16 feet longer than the other, as the master of the Rogers is venturesome enough to affirm. It would probably have been safer to tow the two barges tandem instead of abreast, but I cannot say that it was negligence to tow them abreast, in view of the fact that this manner of towing is often done with safety in the Schuylkill. In any event, the Rogers discussed the matter with the tug in the morning before the tow was made up, and expressed a preference for the tandem method; but, when the other barge declined to go behind, because her master did not want to steer, the Rogers did not offer to take that position, apparently being disinclined also to undertake the task of steering, and acquiesced in whatever added risk was involved in being lashed abreast of the other barge. The Columbia, 109 Fed. 660, 48 C. C. A. 596. Neither did the tug enter the draw improperly, as it seems to me. She pursued the customary course, and the master of the Rogers himself admitted that "the boat was in the right position to enter the bridge."

I see no ground upon which the city of Philadelphia can be held liable. The municipality was not doing the work of reconstructing the railroad bridge immediately below the Gray's Ferry Bridge, and had no part in taking away the protecting fender from the submerged stringpiece that did the mischief; and neither express nor implied notice of the danger, such as would have imposed upon her the duty of removing or guarding the projecting timber, was brought home to her. There is not sufficient evidence to support the inference of negligence in this respect.

The libel must be dismissed at the costs of the libelant.