## THE TEASER.

(Circuit Court of Appeals, Third Circuit. August 10, 1917.)

No. 2210.

1. COLLISION ⬤═65—PRESUMPTION OF FAULT—VIOLATION OF STATUTE.

A tug which at the time of a collision was towing seagoing barges, one of which was in the collision, in inland waters, with hawsers longer than those prescribed by the regulations promulgated under authority of Act May 28, 1908, c. 212, § 14, 35 Stat. 428 (Comp. St. 1916, § 7969), which have the force of law, was presumptively in fault, and the presumption can be overcome only by proof that such violation of the law could not have contributed to the collision.

2. COLLISION ⬤═62—LIABILITY—CONCURRING FAULT.

Where the fault of a tug was a concurring cause of a collision between a vessel in her tow and another, she cannot escape liability therefor to all the vessels injured, including the one in her tow, although that was also in fault.

3. TOWAGE ⟺12(1)—LIABILITY OF TUG FOR INJURY TO TOW—ESTOPPEL.
　　The rule that a vessel in tow cannot recover damages against the tug for an injury resulting from the manner of towing where it was adopted by her request or with her acquiescence does not apply when such manner is in direct violation of law.

4. TOWAGE ⟺11(1)—NAVIGATION OF TOW—LIABILITY OF TUG.
　　A towing tug is responsible for the proper and lawful navigation of the tow, which the master of the tow has no power to control.

5. ADMIRALTY ⟺39—DISMISSAL AS TO ONE RESPONDENT.
　　A motion by the libelant in a collision suit against a tug and her tow to dismiss as to the tug with leave to proceed against the tow alone *held* properly denied, where it was made after all the parties were before the court, and, if granted, the tow could have again brought in the tug under the fifty-ninth rule (29 Sup. Ct. xlvii).

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Suits in admiralty for collision by Elliott C. Gardner, master of the Schooner Addie M. Lawrence, against the tug Teaser and the barge Powel, the barge Horace A. Allyn and tug Juno, impleaded, and by the Powel against all the other vessels. Decree against the Powel and the Teaser, and the latter appeals. Affirmed.

For opinion below, see 229 Fed. 476.

Lewis, Adler & Laws, of Philadelphia, Pa., for appellant.

Harrington, Bigham & Englar, of New York City, and Conlen, Brinton & Acker, of Philadelphia, Pa., for appellee Baker Transp. Co.

T. Catesby Jones, of New York City, for appellee tug Powel.

H. Alan Dawson, of Philadelphia, Pa. (Biddle, Paul & Jayne, of Philadelphia, Pa., of counsel), for appellee tug Juno.

Henry R. Edmunds, of Philadelphia, Pa., for appellee schooner Lawrence.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. This is an appeal from a decree in an admiralty cause of collision. All craft proximately and remotely connected with the collision were brought into court by two libels, one being filed by the schooner Lawrence against the tug Teaser and the barge Powel, the latter bringing in by petition the barge Allyn and the tug Juno; the other being filed by the barge Powel against the schooner Lawrence, the tug Juno, the barge Allyn and the tug Teaser.

For a cause in admiralty this case is unique, in that the facts as to the collision are not in dispute. Briefly stated, they are as follows:

The Teaser with the barges Powel and Allyn in tow tandem in the order named was in the Delaware Bay, outward bound. The Powel and Allyn were large sea-going barges heavily laden with coal. When taken in tow at Philadelphia, the length of the hawsers from tug to barge and from barge to barge was about 75 fathoms. When off Bombay Hook, the master of the Powel requested the master of the Teaser to lengthen the hawsers, whereupon the hawser between the Teaser and the Powel was paid out from the Teaser to 150 fathoms, and the

hawser between the Powel and the Allyn was paid out from the Allyn to about 140 fathoms.

Between Ship John Light and Cross Ledge Light the Teaser with her tow moving down the bay on the westerly or right side of the channel sighted the tug Juno with the schooner Lawrence in tow bound up on the easterly side of the channel. The night was dark, but clear; the wind was moderate; all lights were properly set, brightly burning and plainly visible. When within regulation whistling distance the tugs exchanged signals, and passed port to port at a safe distance of about 600 feet. Suddenly the "Powel" sheered out of her course, crossed the channel and came into right angle collision with the Lawrence, inflicting injuries to both the Lawrence and herself.

The District Court found the Lawrence, the Juno and the Allyn in no way chargeable with fault, and dismissed the libels as to them. The fault therefore lay with the Powel or the Teaser or with both.

The fault of the Powel was so glaring that it scarcely admits of discussion. The District Court found upon testimony free from dispute that the "Powel" was insufficiently manned and improperly steered, and that the collision was due primarily to the act of an inexperienced helmsman steering her out of her course directly into the Lawrence.

The court found the Teaser also in fault, because in towing within inland waters of the United States with a hawser greater in length than prescribed by regulations effective February 1, 1909, promulgated by the Secretary of Commerce and Labor, December 7, 1908, pursuant to section 14 of the Act of May 28, 1908, limiting the length of hawsers to tows of sea-going barges when within inland waters to 75 fathoms, the Teaser was violating that law of navigation.

Having found both the Powel and the Teaser in fault, the District Court further found that the injuries sustained by the Lawrence were caused by the combined faults of the two, and accordingly entered a decree against both on the libel of the Lawrence, for damages divided equally between them. The court also found that the fault of the Teaser towing with a hawser of unlawful length extended to the Powel and contributed to her injuries, and thereupon entered a decree against the Teaser for one-half the damages sustained by the Powel, the other half to be borne by herself.

The Teaser brought this appeal, and by several assignments of error raises a question of fact as to her fault, and a question of law as to her liability, first to the Lawrence and then to the Powel.

The fault of the Teaser is involved with that of the Powel. The fault of the Powel, though established by the decree from which no appeal has been taken, must therefore be briefly considered.

The fault of the Powel lay in the act of her helmsman steering her out of her course directly into the Lawrence. Though this amazing fault was made possible, perhaps, by the fault of the Teaser in towing with a hawser of unlawful length, it was nevertheless a fault of the Powel, and the fault which primarily caused the collision. The Powel, therefore, cannot escape liability for her fault to any craft which suffer-

ed thereby, even though injury might not have resulted therefrom but for the concurring fault of the Teaser.

But the Teaser contends that the collision was the result solely of the fault of the Powel, and in support of that contention maintains, first, that the hawser pulled off the Powel before the collision, and in consequence the Powel went into collision alone; and second, that the lengthened hawser had no part in causing the collision.

If fault is chargeable to the Teaser for towing with a hawser of unlawful length, the parting of the hawser before collision did not stay its fault or end its liability. Besides, there is a clear conflict as to the time and place the hawser pulled out, the evidence leaning, as we think, strongly to the view that the hawser did not part until impact, when by the great jar, and the continued pull of the Teaser, the bitts ripped out and the hawser went overboard. However this may be, the essence of the Teaser's fault was in her act of towing with a hawser of unlawful length and in the part the hawser of that length played in the collision.

[1] It is not disputed that at the time of collision the Teaser was towing the Powel within inland waters with a hawser greater in length than permitted by the government's formally promulgated regulations for navigation. Statute, supra. Such regulations have the force of law. Belden v. Chase, 150 U. S. 674, 698, 14 Sup. Ct. 264, 37 L. Ed. 1218; The Manhattan (D. C.) 181 Fed. 229, 233. At the time of the collision, therefore, the Teaser was violating the law. The Manhattan (D. C.) 181 Fed. 229; Id., 186 Fed. 329, 108 C. C. A. 407; McWilliams v. D., L. & W. R. R. Co., 207 Fed. 64, 124 C. C. A. 624; D., L. & W. R. R. Co. v. Triton, 246 Fed. 318. As to the legal effect of such violation, the rule was early established, that a positive breach of statute carries with it a presumption of fault. Being a presumption, it is rebuttable; but it is rebuttable only by proof on the part of the offender not merely that the fault probably did not contribute to the disaster, but that it could not have done so. Belden v. Chase, 150 U. S. 674, 699, 14 Sup. Ct. 264, 37 L. Ed. 1218; The Henry O. Barrett, 161 Fed. 481, 88 C. C. A. 423 (3rd Cir.); Yanz-Tsze Ins. Asso. v. Furness, Withy & Co., 215 Fed. 859, 863, 132 C. C. A. 201; Richelieu & Navigation Co. v. Boston Ins. Co., 136 U. S. 408, 10 Sup. Ct. 934, 34 L. Ed. 398.

The Supreme Court in its latest case upon the subject (Olaf Lie, master of the Norwegian Steamship Selja v. San Francisco & Portland Steamship Co., 243 U. S. 291, 37 Sup. Ct. 270, 61 L. Ed. 726), followed the decision and quoted from the opinion in its earliest case (The Pennsylvania, 19 Wall. 125, 22 L. Ed. 148), as follows:

"But when, as in this case, his ship at the time of a collision is in actual violation of a statutory rule, intended to prevent collisions, it is no more than a reasonable presumption that the fault, if not the sole cause, was at least a contributory cause of the disaster. In such a case the burden rests upon the ship of showing, not merely that her fault might not have been one of the causes, or that it probably was not, but that it could not have been."

Without referring in this discussion to the lack of rebutting evidence, it is sufficient to state our opinion, that the Teaser wholly failed to sustain the burden of overcoming the presumption of her fault

imposed by the rule, by proof that her fault could not or did not contribute to the collision. On the contrary, the evidence tends to show, that, notwithstanding the steering fault of the Powel, the collision probably would not have happened but for the Teaser towing with a hawser of unlawful length, and might have been prevented had short lawful hawsers been used upon the Powel fore and aft, which would have held her in her course or at least snubbed her sheer.

[2] The fault of the Teaser, therefore, was one which permitted the fault of the Powel to become effective, and being a concurring fault, the "Teaser" cannot escape liability therefor to all craft injured thereby.

The first craft injured by the concurring fault of the tug and tow was the Lawrence, and as the Lawrence was wholly without fault, the part of the decree awarding her damages, dividing them between the Powel and the Teaser, must be affirmed.

[3] The Teaser is similarly liable for damage to the Powel, unless, as she contends, the Powel is estopped to enforce that liability, because the fault of the Teaser in lengthening the hawser was committed upon the request of the Powel. This contention is based upon a line of cases which withhold from a tow a claim of damages against a tug for injuries suffered in consequence of an extrahazardous manner of towing or maneuvering in which she acquiesces, or for which she contracts, as towing double instead of tandem; towing during a season of expected ice flow, etc. The Columbia, 109 Fed. 660, 48 C. C. A. 596 (9th Cir.); Stricker v. The Maurice (D. C.) 128 Fed. 652; In re Maling (D. C.) 110 Fed. 227; The C. Van Cott (D. C.) 152 Fed. 1016; The Hercules, 213 Fed. 615, 130 C. C. A. 207; Monk v. Cornell Steamship Co., 198 Fed. 472, 117 C. C. A. 232; Moore v. C. P. Morey, Fed. Cas. No. 9,756. These cases arise either from conduct savoring of contract to which the tow is a party, or from the tow's acquiescence in a matter in which she is capable of acquiescing and of giving a consent that relieves the tug. These cases, therefore, do not rule the case under consideration, where, as we view it, a law of navigation is involved, where the mandate of the law rests upon the tug, and where the tow is without power to make the tug violate the law or relieve her from liability for such violation to all craft (including the tow) suffering thereby.

[4] In navigating a tow, the master of a barge in tow has no voice. The Quickstep, 9 Wall. 665, 19 L. Ed. 767. The tug is the dominant mind and will. The Margaret, 94 U. S. 494, 496, 24 L. Ed. 146; The Fort George, 183 Fed. 731, 106 C. C. A. 169. So far as the proper navigation of the tow is concerned, the law is abundantly settled that the tug leads and commands, while the tow is bound to follow her guidance and conform to her directions. The Doris Eckhoff, 50 Fed. 134, 1 C. C. A. 494; Transportation Line v. Hope, 95 U. S. 297, 24 L. Ed. 477. This is obviously so. Movement of tug and tow cannot be made under the joint command of the two masters. In such an adventure there can be no divided responsibility. Hence the law imposes upon the tug, not upon the tow, the duty to use a hawser of a length which the law deems essential to safe navigation. This was a duty imposed solely upon the tug. She could not escape that duty, even as it affected

the tow, by yielding to the request of the tow that she break the law. Being in sole charge of the navigation of the tow (The Manhattan, 186 Fed. 329, 331, 108 C. C. A. 407) and being solely charged with the observance of laws of navigation, public policy demands that the tug shall be liable to the tow for the consequences of her violation of those laws.

In this case the hawser was on the deck of the tug and was paid out by her. The physical as well as the legal control of the hawser was with her. Any one acquainted with watermen will appreciate how unlikely it would be for the master of a barge in tow to attempt to control or override the master of the tug in matters of navigation, or that any consideration whatever would be paid to his views. The Manhattan, 186 Fed. 329, 331, 108 C. C. A. 407. As the master of the tow was without power to control or even influence the master of the tug, we find that the act of the master of the tug in lengthening the hawser, even though upon the request of the master of the tow, was the sole and in legal effect the independent act of the master of the tug, which being an act violative of laws of navigation, fastens liability upon the tug for its consequences.

While the fault of the Teaser extended to the Powel, that fault was not excused by the fault of the Powel, nor was the fault of the Powel excused by the fault of the Teaser. They were concurring faults in the sense that they concurrently contributed to the disaster; the fault of either without the fault of the other would not have caused the collision. Therefore, each offending craft is liable to all craft injured in proportion to its contribution to the injury. Among such was the Powel herself. Therefore we affirm that part of the decree of the District Court by which the Teaser was decreed to bear one-half the damage to the Powel.

[5] After all testimony had been taken by deposition for the Lawrence, and the parties were present ready for trial, the proctor for the Lawrence moved to withdraw the libel against the Teaser with leave to proceed against the Powel alone. If this motion had been allowed and the trial proceeded with, the libelant would have been enabled to forgive the Teaser her fault and collect from the Powel the whole of the damages. The motion was naturally opposed by the Powel and eventually denied by the court. The court's action is charged as error.

Before the motion was made, the parties were before the court as fully as though brought there originally on subpœna or later by petition under the 59th Rule in Admiralty (29 Sup. Ct. xlvii). Answers to both libels had been filed by all respondents, and to the Powel's petition, bringing in the Juno and the Allyn, by all her co-respondents, including the Teaser. The denial of the motion did nothing more in effect than hold the parties in the way intended and made possible by the 59th Rule in Admiralty, if employed. It would therefore have been futile to have allowed the motion, continued the hearing, and permitted later the re-establishment of precisely the same party alignment by invoking that rule; and it would have been unjust to have allowed the motion, proceeded with the hearing, and prevented the party representation intended by the rule. We find no error in the court's action.

The decree below is affirmed