## THE WYOMISSING.

### HARRIS et al. v. PORT READING R. CO.
### No. 14.

Circuit Court of Appeals, Second Circuit.
Nov. 10, 1930.

Macklin, Brown, Lenahan & Speer and Horace L. Cheyney, all of New York City, for appellant.

Park, Mattison & Lynch, Anthony V. Lynch, Jr., and John K. Hartley, all of New York City, for appellees.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

A libel was filed on behalf of the owners of the barge John F. Harris against respondent's tug Wyomissing in rem and the Port Reading Railroad Company in personam, to recover damages for injury to the barge. Judge Woolsey dismissed the libel as against the Wyomissing, but found that the barge had been damaged through the negligence of the Port Reading Railroad Company, as bailee, and directed a decree against that company in personam. This appeal was taken by the railroad company from the decree holding it personally liable. The libelant has not sought to review the order dismissing the libel against the Wyomissing.

On the 2d of April, 1927, the respondent's tug Wyomissing took in tow a flotilla of light barges in which libelants' barge Harris was the port barge in the fourth tier, and proceeded from New York en route to Port Reading, where the flotilla was to be loaded with coal by the railroad and thereafter to be towed to the dock of the consignee of the coal. The Harris was in good condition at the time she was taken in tow. When the flotilla arrived at Port Reading, it was made fast to the railroad company's light stakes, not far from the dumper pier, to await the time when the loading should be effected. After this was done, the Wyomissing went away.

On the evening of April 3d, or the early morning of April 4th, the tow swung in the tide and the Harris, with another barge, stranded upon a sunken steel wreck, the presence of which was known to the railroad. The trial judge held that the railroad, as bailee of the barge, was liable for the damage caused by this stranding.

It is contended that the proof of how the barge came to strand on the wreck was insufficient, and that the testimony did not show that the barge had not gone adrift. It is true that the proof, outside of the undisputed evidence that the barge stranded on the wreck and was damaged, was somewhat tenuous. Unfortunately the bargee of the Harris could not be found, and therefore was not produced as a witness. But there was testimony by another bargee that the flotilla swung on the steel wreck in the tide. The railroad made no attempt to show that any part of the flotilla went adrift, and, as the proof stood, the stranding was due to the swinging of the tow in the tide upon a known wreck at a time when there was no storm.

The railroad was under a contract to take the barge to Port Reading, load it there with coal, and tow it, when loaded, to the dock of the consignee. In Doherty v. P. R. R. Co. (C. C. A.) 269 F. 959, upon facts not unlike those here, we held the owners of the tug were bailees for hire and were bound to exercise reasonable care in all that related to the work at hand until it was accomplished. Eastern Transportation Line v. Hope, 95 U. S. 297, 24 L. Ed. 477. In the case at bar, it was far from prudent for the railroad to allow the flotilla to be moored where the action of the tide in ordinary weather might swing it upon a known wreck without making some provision to safeguard it against such an event. There is nothing in the record to show that the bargees were informed of the presence of the wreck on which the barges stranded in the dark. One of them attempted to get assistance, without avail. We are aware of nothing which they might have done to prevent the injury.

The railroad was properly held liable as bailee for negligence in its care of the barge, and the decree is affirmed.