JACOB ROSENFELD, Appellant, *v.* THE AMERICAN INSURANCE COMPANY OF NEWARK, N. J., Respondent.

First Department, December 13, 1940.

*A. J. Asche* of counsel [*Alfred B. Nathan* and *Benjamin Lewis* with him on the brief; *Moos, Nathan, Imbrey & Levine*, attorneys], for the appellant.

*Sidney J. Loeb* of counsel [*Leon M. Prince* with him on the brief; *Prince & Loeb*, attorneys], for the respondent.

DORE, J.  By leave of this court plaintiff appeals from a determination of the Appellate Term unanimously affirming a judgment of the City Court in defendant's favor after trial before the court and a jury.  The Appellate Term denied leave to appeal, one justice dissenting.

Plaintiff sued to recover $2,000 claimed to be due under an all risk policy of insurance issued by defendant covering a diamond ring belonging to plaintiff.  The complaint alleges that on June 12, 1936, while the policy was in full force and effect, the diamond contained in the ring was lost and never recovered.  The answer in addition to denials pleads as an affirmative defense that the claim was fraudulent, that there was in fact no loss, and if there were, it did not exceed $500.

Plaintiff testified that he had purchased the diamond ring thirty years ago and worn it ever since, the stone being reset about sixteen years ago; that on June 12, 1936, while at his place of employment, in pushing a hand truck aside, his hand struck an iron ladder beside a water pipe and he injured his ring finger, but the diamond at the time remained in its setting; that later in the day he discovered the diamond was missing, and a search of the premises was made by all of the numerous employees; that the police were notified of the loss the same day, and a police officer came to the premises; that defendant was promptly notified of the loss, but the diamond has never been found.  Plaintiff called a bookkeeper

and an assistant bookkeeper of plaintiff's employer to corroborate his story. The next day plaintiff delivered the ring to a Mr. Rohleder, defendant's representative and investigator. On the trial Rohleder testified that the mounting was in the same condition at the trial as it was on June 13, 1936, when plaintiff gave him the ring.

The defense was that plaintiff's loss was fictitious and his claim fraudulent; that the diamond had not been lost, but had been deliberately removed by force from its setting. Experts testified for defendant that in their opinion the diamond had been forcibly extracted.

We need not discuss the evidence in detail as the appeal is not based upon the disputed questions of fact or the weight of the evidence, but on the ground that serious errors in the admission and exclusion of evidence rendered impossible a proper determination by the jury of the ultimate issues of fact.

The issue raised by the pleadings and the proof adduced at the trial was whether the plaintiff had lost the diamond as he claimed, or whether it had been deliberately removed by force from its setting, and the alleged claim of loss fraudulently made for the purpose of inducing defendant to pay for a loss that never happened.

Whether the marks on the ring partly observable by ordinary eyesight and more clearly observable under a microscope were deliberately made and the diamond forced out, or whether it was loosened, as the plaintiff claimed, by contact with the iron pipe plus the years of wear, were issues of fact for the determination of the jury. Properly qualified experts could testify as to physical facts in the setting of the ring, observable by them as persons of special skill or experience in the trade or business, either with the naked eye or under a microscope. The minuteness of the markings on the setting and the lack of common knowledge of the methods used in the trade to hold diamonds securely in their settings would render it proper for the experts to testify to descriptive facts that could be intelligently communicated to others not familiar with the subject. But only the descriptive facts should have been stated by the experts; the conclusion to be drawn was for the jury. It is only in cases in which the conclusions to be drawn from the facts, as well as the knowledge of the facts themselves, depend upon professional or scientific knowledge or skill not within the range of ordinary training and intelligence that not only the facts but the conclusions to which they lead may be testified to by qualified experts. (*Dougherty* v. *Milliken*, 163 N. Y. 527, 533; *People* v. *Polstein*, 184 App. Div. 260; *People* v. *Creasy*, 236 N. Y. 205, 222.) We think this case falls within the class in which the descriptive

facts may be stated by experts and the conclusions drawn by the jury, and not within the more limited class of cases in which the expert not only states the facts but gives the conclusions in the form of an opinion which may be accepted or rejected by the jury. In *Van Wycklen* v. *City of Brooklyn* (118 N. Y. 424 [1890]) the rule was stated as follows (p. 429): " While it is no longer a valid objection to the expression of an opinion by a witness, that it is upon the precise question which the jury are to determine (*Transportation Line* v. *Hope*, 95 U. S. 297; *Bellinger* v. *N. Y. C. R. R. Co.*, 23 N. Y. 42; *Cornish* v. *F. B. F. Ins. Co.*, 74 id. 296), evidence of that character is only allowed when, from the nature of the case, the facts cannot be stated or described to the jury in such a manner as to enable them to form an accurate judgment thereon, and no better evidence than such opinions is attainable. (*Ferguson* v. *Hubbell*, 97 N. Y. 507; *Schwander* v. *Birge*, 46 Hun, 66; Greenl. on Ev. vol. 1, § 440, and note.) "

It was accordingly error to permit the experts to go further and give their opinion on the ultimate issue of fact, viz., whether the diamond had been forcibly extracted from the setting.

On plaintiff's cross-examination defendant showed that although plaintiff had claimed to own the ring for about thirty years, he had never insured it until shortly before the alleged loss was claimed. Defendant also showed that although plaintiff had other jewelry appraised at the time of the appraisal of the ring, he insured only the ring. When plaintiff attempted to explain the reasons for insuring the ring at the time he did, and why the ring alone was then insured, defendant's objection was sustained. Defendant raised the issue and thus opened the door to plaintiff's proffered testimony to rebut the inference of fraud otherwise created. In the state of facts disclosed, exclusion of the testimony was error.

The trial court committed further error in receiving hearsay evidence not binding on plaintiff of an alleged conversation between defendant's investigator, Rohleder, and one Perry who had been called as a witness on behalf of the plaintiff solely as to the value of the diamond; and there was further error in permitting defendant's witness Rohleder later to testify, in alleged contradiction of Perry, that he had stated to Rohleder, not in the presence of plaintiff, that it looked to him as if the stone must have been taken out. The rulings were plainly erroneous. (*Bennett* v. *Crescent Athletic-Hamilton Club*, 270 N. Y. 456, 458.)

It may well be that the jury would have found as it did even if the errors noted were not committed; but it cannot be said with certainty on this appeal that the erroneous rulings above referred to did not affect the jury's consideration of the evidence.

For the reasons stated, the determination of the Appellate Term and the judgment of the City Court should be reversed and a new trial ordered, with costs in all courts to abide the event.

O'MALLEY, J., concurs; UNTERMYER and CALLAHAN, JJ., concur in separate memorandum; MARTIN, P. J., dissents and votes to affirm.

UNTERMYER and CALLAHAN, JJ. (concurring). While we deem that expert opinion evidence was properly received, we believe that other errors referred to in the opinion require reversal and a new trial.

Determination of the Appellate Term and judgment of the City Court reversed and a new trial ordered, with costs in all courts to abide the event.