Harold Baer, J.
This is an action to recover the value of merchandise allegedly stolen from plaintiffs’ car while parked and unattended. Defendant issued a homeowner’s policy to plaintiffs which provided theft coverage “ away from the premises
*619 However, the policy excludes coverage for theft” of property left unattended in any private motor vehicle on a public way * * - * unless the loss be the result of forcible entry (of which there must be visible evidence) into a fully enclosed body or compartment (not including a glove compartment), the doors and windows of which have been locked.” '
Plaintiffs contend that the locked car was left on Fifth Avenne and that a scratch mark on the right front window in the vicinity of the lock button is sufficient to satisfy the requirement of the policy for recovery for property stolen.
Defendant contends that there was no scratch mark bnt that, even if there bad been such a mark, there is no evidence of a causal connection between the mark and the missing jewelry.
It is well settled that provisions in an insurance policy requiring visible marks of forcible entry are not ambiguous. As a result, these clauses are given their normal meaning and are not construed most favorably to the insured (Lee v. Preferred Acc. Ins. Co., 216 App. Div. 453; Rosenthal v. Travelers Ins. Co., 19 A D 2d 8). In addition, the right of the insurer to insert this clause and to insist on proof of the existence of the visible marks required by the clause has been upheld in Rosenthal v. American Bonding Co. (207 N. Y. 162).
Few cases in New York have treated the question of what constitutes a mark so as to satisfy the requirements of the clause in question. Nevertheless, in United Sponging Co. v. Preferred Ace. Ins. Co. (97 Misc. 396, affd. without opn-179 App. Div. 884) the court stated that a scratch was not sufficient to permit recovery, since, while a scratch is a mark, it need not be evidence of the use of violence or forcible entry.
Admittedly, not all scratches are the same and a scratch at some given time or place may be significant indeed. However, the scratch alleged here, of which plaintiffs show no photographs or other convincing proof, is one which would not be made necessarily by one breaking into a car. If a wire were inserted between the window and the rubber insulation between the doors, as plaintiffs infer, it might leave some scratch or mark at the edge of the glass or on the rubber molding. However, a scratch on the outside of the glass ” a couple of inches above the door and near the button ’ ’ is not evidence of sufficient weight to comply with the limitation in the policy.
While such compliance is a factual question (Cherry Creek Nat. Bank v. Fidelity & Cas. Co., 207 App. Div. 787), the plaintiffs have the burden of proving their case by a preponderance of credible evidence, which they failed to do (Wolf v. Ætna Acc. & Liab. Co., 183 App. Div. 409, affd. 228 N. Y. 524). In addition, *620 there is a lack of any evidence, expert or otherwise, to show that the mark, if it existed, was causally related to a forcible entry. While the trier of the facts may draw reasonable inferences from the testimony, there must be some credible testimony on which to base those inferences (see Rosenfeld v. American Ins. Co., 260 App. Div. 697; 5 Appleman, Insurance Law & Practice, §§ 3176, 3177, and 21 Appleman, Insurance Law & Practice, § 12691).
For all these reasons, plaintiffs have failed to make out a case and judgment is granted to the defendant.